### David Nappin v. John Abbott.

1. MISTAKES—*Principal Liable for Mistakes of Agent.*—A principal is liable for the mistakes of his agents made in the line of his employment.

**Memorandum.**—Trespass for taking personal property. Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge,

presiding: Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

GRAY & WAGGONER, attorneys for appellant.

D. ABBOTT, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This case originated before a justice of the peace and was removed by appeal to the Circuit Court, where, by agreement, the issues were submitted to the court, a jury being waived, resulting in a finding and judgment for the plaintiff for fifty dollars, from which judgment the defendant has prosecuted an appeal to this court. The plaintiff had sold the defendant a thoroughbred Hereford bull calf and a heifer of the same breed for the sum of $92.50.

The male animal was designated, but the heifer was to be selected by the defendant, he to have his choice of two owned by the plaintiff. These heifers the defendant had never seen. The plaintiff sent him word to come and get the animals, and he went accordingly on the day named. The plaintiff was not present but had instructed his hired men to meet the defendant and give him the stock. These hired men testify that they did not know which were the thoroughbred heifers, but the defendant professed to know and made his selection without anything said or done by them. He testified that he did not know, or assume to know, and that they pointed out two heifers as the thoroughbreds, and he selected one of them, and it, together with the male, was driven to his premises. It was a part of the contract that the plaintiff was to furnish a pedigree, showing the animals to be thoroughbred. The next day after the defendant got the animals, the heifer died, and then it was ascertained that she was not one of the thoroughbreds, and was therefore not one of the animals which the plaintiff intended to sell and he intended to buy. The plaintiff sued for the value of the bull under the con-

tract, and for the value of the heifer taken from his premises, upon the theory that the defendant was a trespasser in so taking her, and was responsible for her safe keeping and return.

The defendant's testimony was clearly to the effect that he took the heifer under a mistake on his part and no less so on the part of the agents for the plaintiff.

In other words, that it was the mistake of plaintiff's agents in pointing out this heifer as one of the thoroughbreds which induced him to select her.

She was a large fine animal but not a pure blood.

It is true the hired men testify the other way, but as defendant states, and not denied by the plaintiff, the latter was surprised when he learned of the mistake, and said that one of the men, naming him, knew better. At any rate it was a question of fact for the court sitting as a jury to determine whether the defendant's action was induced by the action of the plaintiff's agents. If it was, then the defendant could not be held as a trespasser, and was not responsible for the loss of the heifer unless caused by some act or neglect of his, which does not appear.

In the absence of anything to the contrary in the record, we are to presume the court properly applied the law to the facts, and the finding as to the latter must have the same weight as the verdict of a jury. Hence, in view of the conflicting evidence, we are not prepared to hold that the finding is wrong.

The judgment must therefore be affirmed.